IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE B. VADEN,

    Petitioner,                  No. 2:13-cv-0277 CKD P

    vs.

AVENAL STATE PRISON,[1]

                                  ORDER

    Respondent.

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction for two counts of assault with a deadly weapon on separate victims (Cal. Penal Code § 245(a)(1)), making criminal threats (Cal. Penal Code § 422), and misdemeanor unlawful touching (Cal. Penal Code § 243.4(e)(1)), for which he was sentenced to a state prison term of 15 years. (Dkt. No. 1 at 1; see Vaden v. Adams, No. 2:08-cv-0178 FCD GGH P, Findings and Recommendations dated July 24, 2009.)

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner has improperly named Avenal State Prison as respondent.

Petitioner raises the following claims: (1) he was denied effective assistance of counsel at the plea bargain stage under the Supreme Court's recent decisions in <u>Missouri v. Frye</u>, 132 S.C. 1399 (2012) and <u>Ladler v. Cooper</u>, 132 S.C. 1376 (2012); and (2) he was denied effective assistance of appellate counsel when his appellate attorney declined to file a claim for ineffective assistance of trial counsel in 2005.

Court records indicate that petitioner has filed a prior petition in this court challenging his 2005 conviction. In <u>Vaden v. Adams</u>, No. 2:08-cv-0178 FCD GGH P, the petition was denied on its merits on December 10, 2009. This makes the instant petition a second or successive petition. Under 28 U.S.C. § 2244(b)((1)(A), a new claim presented in a second or successive petition may proceed if "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]"

However, "[before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Under Ninth Circuit Rule 22-3, "[if a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Before petitioner may proceed with this action, he must obtain an order from the Ninth Circuit Court of Appeals to proceed with this action. Accordingly, the court will order this action transferred to the Ninth Circuit.

////
////
////
////
////
////

1  Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
2  transfer this action to the Ninth Circuit Court of Appeals.

3  Dated: February 19, 2013

4  _____
5  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

7  2 / vade0277.succpet2